UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cr-00025-SEB-VTW |
| | ) | |
| DEVONNE YOUNG, JR., | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER**

Now before the Court is Defendant's Emergency Motion for Relief Under Federal Rule of Criminal Procedure 35(a) [Dkt. 69]. For the reasons set forth below, Defendant's motion is <u>GRANTED</u>.

**Factual and Procedural Background**

On February 19, 2025, a Superseding Indictment was returned in this case, charging Devonne Young with one count of Possession with Intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Dkt. 29. On August 13, 2025, an Amended Information as to Defendant's Prior Felonies was filed, citing a prior serious drug felony, First Degree Trafficking in Controlled Substances, and a serious violent felony, Second-Degree Assault, in violation of Ky. Rev. Stat. § 508.020. On August 29, 2025, the parties entered into a Petition to Enter Plea of Guilty and Plea Agreement (Dkt. 53), which acknowledged that Mr. Young had two qualifying final convictions under 21 U.S.C. § 851 and was therefore subject to a mandatory minimum sentence of 25 years' imprisonment. Dkt. 53 ¶ 2(a).

1

On April 20, 2026, a plea and sentencing hearing was held in which Mr. Young entered a plea of guilty as to Count 1 of the Superseding Indictment and acknowledged that he had a prior serious drug felony and prior serious violent felony.  The court accepted the parties' plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) and sentenced Mr. Young to the parties' agreed upon sentence of 300 months' imprisonment, which the Court understood to be the correct statutory minimum sentence. Dkt. 62.

On April 29, 2026, Mr. Young filed the instant timely motion in accordance with Rule 35(a) on the grounds that his prior counsel made an honest mistake in informing him that his prior conviction for second-degree assault under Ky. Rev. Stat. § 508.020 qualified as a "serious violent felony," which increased his statutory minimum sentence from 15 to 25 years.  The Government responded to Defendant's motion on May 1, 2026, indicating that it does not oppose Mr. Young's Rule 35 motion.

## **Legal Standard**

Under Rule 35(a), a district court may, within 14 days after sentencing, correct a sentence that resulted from "arithmetical, technical, or other clear error."  The 14-day period is jurisdictional, and the Court cannot rule after the expiration of that period.  *E.g.*, *United States v. Rincon*, 477 Fed. App'x 391, 393 (7th Cir. 2012) ("To the extent that [the defendant's] motion arose under Rule 35(a), the district court lost jurisdiction to rule on the motion once the 14-day deadline passed."); *United States v. Wisch*, 275 F.3d 620, 626 (7th Cir. 2001) ("[T]he [Rule 35] motion must be *ruled on* by the district court within seven days, not simply *filed with* the clerk of court during that time.") (discussing Rule

35(c), which was designated as Rule 35(a) in 2002 and initially carried a 7-day limit until extended to 14 days in 2009).

The scope of Rule 35(a) is "quite narrow" and "permits district judges to correct only 'obvious' technical errors." *United States v. Palm*, No. 24-1992, 2025 WL 1088187, at *1 (7th Cir. Apr. 11, 2025) (citing *United States v. Clark*, 538 F.3d 803, 809 (7th Cir. 2008)).  The Seventh Circuit has held that criminal defendants may file a Rule 35(a) motion to correct a sentence based on an incorrect mandatory minimum under a criminal statute.  *Clark*, 538 F.3d at 811 ("[I]f a defendant did not realize at sentencing that he was *not* subject to a mandatory minimum sentence, but the court erroneously applied one, the defendant could make a motion for a corrected sentence within … [Rule 35(a)'s] time period.").

## Analysis

In his motion, Mr. Young argues that, in contrast to what he was advised by prior counsel, Ky. Rev. Stat. § 508.020 does not qualify as a serious violent felony under the Supreme Court's rationale in *Borden v. United States*, 593 U.S. 420 (2021).  Section 508.020 provides in relevant part:

(1) A person is guilty of assault in the second-degree when:

(a) He intentionally causes serious physical injury to another person; or

(b) He intentionally causes physical injury to another person by means of a deadly weapon or dangerous instrument; or

(c) He wantonly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument.

Ky. Rev. Stat. § 508.020.  Kentucky law defines "wanton" according to Ky. Rev. Stat. § 501.020(3) and the Sixth Circuit recently explained that "[b]ecause wantonness under Kentucky law is functionally identical to recklessness as defined in *Borden*, a crime requiring a *mens rea* of wantonness under Kentucky law is not a 'crime of violence' under the Sentencing Guidelines."  *United States v. Tooley*, 155 F.4th 883, 887 (6th Cir. 2025).

Mr. Young argues that under either the categorical or modified categorical approach, the law requires the Court to assume that his prior conviction rests on § 508.020(1)(c), and thus, his conviction for second-degree assault under Ky. Rev. Stat. § 508.020 does not qualify as a "crime of violence."  The 25-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A) therefore does not apply, meaning that Mr. Young's sentence rests on a clear legal error.  Accordingly, Mr. Young requests that the Court vacate the judgment and resentence him.

The Government does not oppose Mr. Young's motion for resentencing and acknowledges that it previously conceded in *United States v. Wright*, No. 22-5452, 2023 WL 4995748, at *3 (6th Cir. Aug. 4, 2023), that the wanton variety of second-degree assault under Ky. Rev. Stat. § 508.020 does not qualify as a crime of violence.

For these reasons and those set forth in Mr. Young's brief in support of his Rule 35 motion, with which we concur and hereby adopt both as to the cited authorities and related arguments, we GRANT Defendant's motion and VACATE Defendant's 300-month sentence.  Assuming, as the parties have indicated, that the Defendant's plea and current plea agreement will be withdrawn in light of this ruling, the parties are directed to proceed forthwith.

IT IS SO ORDERED.


Date:        5/1/2026                    _Sarah Evans Barker_

                                         SARAH EVANS BARKER, JUDGE
                                         United States District Court
                                         Southern District of Indiana


Distribution:


Lindsay E. Karwoski
DOJ-USAO
lindsay.karwoski@usdoj.gov

Jacob Leon
Indiana Federal Community Defenders
Jacob_Leon@fd.org

Samantha Spiro
DOJ-USAO
samantha.spiro@usdoj.gov

Electronic Notice to USM-C

Electronic Notice to USPO